IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 19-CR-1046 |
| | ) | |
| vs. | ) | |
| | ) | |
| MARK ANTHONY CURTIS, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**OPPOSITION TO DEFENDANT'S MOTION
FOR A DOWNWARD VARIANCE**

Defendant has moved for a variance based on the factors outlined in 18 U.S.C. § 3553(a). (Docket Entry 36). The government opposes this motion and requests the Court sentence defendant to a sentence within the advisory guideline range.

I.     FACTS

In July 2018, defendant uploaded a video to Skype of a young female performing oral sex on an adult male. (PSIR ¶ 6). In October 2018, Dropbox reported that defendant's account contained videos of prepubescent females having sex with adult males. (PSIR ¶ 7).

Based on the aforementioned reports, law enforcement executed a search warrant on defendant's Dropbox account and cellular telephones. (PSIR ¶¶ 10-11). Pursuant to their search, law enforcement located over 325 videos and over 700 images of child pornography. (*Id.*). Some images depicted "prepubescent females having sex with adult males; females under the age of 16 in various sex acts and

1

exposing their vaginal area and breasts; and an underage female performing oral sex on an adult male" and "a prepubescent male having vaginal intercourse with an adult male; and an adult male having vaginal intercourse with a 'very young' female who was between the age of three and the age of eight." (*Id.*). Some of the images included depictions of infants or toddlers subject to sexual abuse and exploitation. (PSIR ¶ 17). Pursuant to USSG § 2G2.2(7)(D), defendant possessed a total of 25,809 images of child pornography.

Defendant was subsequently interviewed and admitted that he uses certain *terminology* to search and download images and videos from the Internet. (PSIR ¶ 9). Search terms include, "daddy/daughter, uncle/niece, forest, and taboo." (*Id.*). Law enforcement knows these search terms to often be used to locate child pornography. (*Id.*).

Defendant has no criminal history. (PSIR ¶ 37).

**II.     Argument**

A district court has the discretion to grant a variance from an advisory sentencing guideline range in consideration of the factors outlined in 18 U.S.C. § 3553(a). *Rita v. United States*, 127 S. Ct. 2456, 2465 (2007). While the Court has broad discretion to vary from the advisory guideline range, the factors identified by defendant do not support a variance.

Defendant argues a variance is necessary because of defendant's lack of criminal history and traumatic childhood events. (Docket Entry 36). However, the aggravating nature of defendant's conduct outweighs defendant's lack of criminal

2

history, traumatic childhood, and any other mitigating factors. *See e.g. United States v. Dolehide*, 633 F.3d 343 , 349 (8th Cir. 2011) (district court did not abuse discretion when it denied downward variance based on a number of factors including conflicting evidence about defendant's degree of mental illness); *United States v. Funke*, 846 F.3d 998, 1,000 (8th Cir. 2017) (district court did not abuse its discretion when it determined the length of defendant's criminal conduct and large number of images outweighed defendant's lack of criminal history, long-term employment, and military experience); *United States v. Hubbard*, 414 F.App'x 893, 894 (8th Cir. 2011) (district court did not abuse its discretion in sentencing defendant within the advisory guideline range after it rejected defendant's argument he had merely passively distributed child pornography and found defendant continued to engage in a pattern of sexually exploiting children); *United States v. Garnette*, 474 F.3d 1057, (8th Cir. 2007) (district court decision to not vary downward based on defendant's abuse as a child was unreviewable where district court recognized it was a factor it could consider in departing downward, but chose not to.)

Defendant's offense involved hundreds of images and videos of child pornography spanning multiple platforms. These images and videos were sought out by defendant and purposely downloaded. The images and videos are of pre-teens engaging in sex acts with each other and exposing their genitalia. Images and videos also depict the sexual abuse of infants and toddlers. The volume of images and

3

videos, along with the egregious conduct within the images and videos, far outweigh any mitigating factors argued by defendant.

## III.  Conclusion

For these reasons and the reasons, a sentence below the advisory guideline range is not warranted.  The government respectfully requests the Court sentence defendant to a sentence within the advisory guideline range.

Respectfully submitted,

PETER E. DEEGAN, JR.
United States Attorney

By: *s/Ashley L. Corkery*

ASHLEY L. CORKERY
Assistant United States Attorney
111 7th Avenue, SE Box 1
Cedar Rapids, IA 52401
(319) 363-6333
(319) 363-1990 - fax
Ashley.corkery@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2020, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the parties or attorneys of record.

UNITED STATES ATTORNEY

BY: s/Ashley L. Corkery